**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50869**

| | |
|---|---|
| STATE OF IDAHO, )<br>                    )<br>     Plaintiff-Respondent, )<br>                    )<br>v.                      )<br>                    )<br>BRADDLEY DAVID WAYNE )<br>TANNEHILL,          )<br>                    )<br>     Defendant-Appellant. )<br>                    ) | **Filed:  March 15, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. Rosemary Emory, District Judge.

Judgment of conviction and aggregate unified sentence of forty years, with a minimum period of confinement of eleven years, for battery with intent to commit a serious felony, assault with intent to commit a serious felony, and felony eluding a peace officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Braddley David Wayne Tannehill entered *Alford*[1] pleas to battery with intent to commit a serious felony, Idaho Code §§ 18-903, -911, (Count I) and assault with intent to commit a serious felony, I.C. §§ 18-901, -909, (Count II).  In addition, he entered a guilty plea to felony eluding a peace officer, I.C. § 49-1404(2), (Count VII).  In exchange for his pleas, additional charges were

---

[1]  *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

dismissed. The district court imposed a unified sentence of twenty years, with a minimum period of incarceration of five years, for battery with intent to commit a serious felony, a unified sentence of fifteen years, with a minimum period of confinement of five years, for assault with intent to commit a serious felony, and a unified sentence of five years, with a minimum period of confinement of one year, for felony eluding. The district court ordered the sentence for Count II to run consecutively to the sentence for Count I and the sentence on Count VII to run consecutively to the sentence on Count II. Tannehill appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Tannehill's judgment of conviction and sentence are affirmed.